268 F.2d 935
 MARINE COOKS & STEWARDS, AFL, a voluntary association, James O. Willoughby, Virgil Rogers and Willard Rogers, Appellants,
v.
PANAMA STEAMSHIP COMPANY, Ltd., a corporation, et al., Appellees.
 No. 15637.
 United States Court of Appeals Ninth Circuit.
 June 29, 1959.
 
 J. Duane Vance, Seattle, Wash., for appellants.
 Summers, Bucey & Howard, Charles B. Howard, Seattle, Wash., John D. Mosser, Portland, Or., for appellees.
 Before POPE, HEALY and ORR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appeal in this case was from the issuance of a preliminary injunction by the trial court. The function and purpose of a preliminary injunction is to prevent irreparable injury pending an ultimate determination of the action. In the present petition four reasons are set out as grounds for rehearing. Reason designated number 2 was not urged as a specification of error on appeal and was not presented on oral argument. Said ground number 2 is that the picketing complained of was not unlawful even if the Norris-LaGuardia Act, 29 U.S. C.A. § 101 is not applicable. Inasmuch as the ground was not presented on the appeal we decline to entertain it on rehearing but leave it for consideration of the trial court in the proceedings leading to a final determination of the action for a permanent injunction. As stated by this court in Burton v. Mantanuska Valley Lines, 9 Cir., 1957, 244 F.2d 647, 650, in considering the review of an interlocutory injunction:
 
 
 2
 "necessarily the court must presuppose that in the case at bar it may turn out that plaintiff will ultimately lose. Thus the court may finally find the facts against the plaintiff who procured the temporary injunction. * * * And just as a court must of necessity obtain time in which to determine which party is right upon the facts, so in a substantial number of cases the time is necessarily required to resolve grave, difficult and complicated questions of law. If, in such a case, it is ultimately decided that the party who obtained the temporary injunction cannot win, that in itself does not demonstrate that it was wrong to issue the injunction."
 
 
 3
 Grounds number 1 and 3 presented in support of a request for rehearing were fully considered in our opinion previously filed.
 
 
 4
 Ground number 4 presents for consideration alleged facts not before us upon the appeal, to the effect that the vessel involved was chartered by an American corporation. In its statement of the case made by petitioner in its opening brief (page 3) reference to ownership and charter parties appear, from which no inference of American control can be logically drawn, indeed the inference is quite the opposite. For the same reason as given with respect to ground number 2 (failure to present on the appeal), we decline to consider the question on this petition and leave appellant to such action as it may choose to take if and when a permanent injunction is sought.
 
 
 5
 Petition for rehearing denied.